684 P.2d 1174

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Anthony SANCHEZ, Defendant-Appellee.**

**No. 7525.**

Court of Appeals of New Mexico.

June 26, 1984.

Certiorari Denied Aug. 9, 1984.

Paul G. Bardacke, Atty. Gen., Carol J. Vigil and William Lazar, Asst. Attys. Gen., Santa Fe, for plaintiff-appellant.

William D. Teel, John L. Walker, Albuquerque, for defendant-appellee.

## OPINION

HENDLEY, Judge.

The State appeals the trial court's dismissal with prejudice of the charges against defendant of aggravated burglary and criminal sexual penetration in the first degree for failure to bring the matter to trial within six months. We reverse.

On January 30, 1981, a petition was filed in the children's court charging defendant with aggravated burglary and criminal sexual penetration. A transfer hearing was held and the matter was transferred to district court. The defendant appealed the transfer, but was unsuccessful. *State v. Doe*, 97 N.M. 263, 639 P.2d 72 (Ct.App. 1981). On November 8, 1982, a criminal information charging defendant with aggravated burglary and criminal sexual penetration was filed against defendant in district court. He was arraigned in the district court on these charges on November 23, 1982. Defendant, on January 6, 1983, then moved for an order dismissing the information or in the alternative remanding it to the magistrate court for a preliminary examination. The motion for a preliminary examination was granted on February 16, 1983, on the grounds that defendant was entitled to a preliminary examination and had not been given one.

A complaint was filed in magistrate court on March 4, 1983. The preliminary examination was held on April 25, 1983, and the defendant was bound over to district court on the charges of aggravated burglary and criminal sexual penetration. Thereafter, defendant waived his arraignment set for May 25, 1983. On August 25, 1983, notice of trial setting was given for November 3, 1983. Defendant filed a motion to dismiss pursuant to NMSA 1978, Crim.P.Rule 37 (Cum.Supp.1983) on September 28, 1983. Hearing was held on the motion on October 14, 1983, and the order granting the motion was filed on November 9, 1983.

The running of the six-month rule set forth in Rule 37 does not commence during the pendency of a case in the children's court. *See State v. Howell*, 89 N.M. 10, 546 P.2d 858 (Ct.App.1976). *See generally State v. Garcia*, 93 N.M. 51, 596 P.2d 264 (1979). The applicable part of the rule in effect from November 23, 1982, to date remains unchanged and states in part:

(b) **Time limits for commencement of trial.** The trial of a criminal case or an habitual criminal proceeding shall be commenced six months after whichever of the following events occurs latest:

(1) the date of arraignment, or waiver of arraignment, in the district court of any defendant[.]

The State argues that the proceedings against defendant were "abated" upon defendant's motion for a preliminary examination, which had the effect of nullifying the November 23, 1982, arraignment of the defendant. Consequently, the State argues the May 26, 1983, waiver of arraignment commences the six-month period and the trial date of November 3, 1983, was within the six-month rule. We agree.

Defendant argues that the Rules of Criminal Procedure no longer contemplate a plea in abatement and, further, that the proceedings were not "abated" upon the trial court's remand for a preliminary examination. Defendant further argues that even if the time had been tolled between the remand for a preliminary examination on February 16, 1983, and the bind over

order of April 25, 1983, the six-month period would have expired some time in September 1983. Defendant concludes that the time under Rule 37 began to run from his first arraignment on November 23, 1982.

Where the defendant is charged by an information he has a state constitutional right, unless waived, to a preliminary examination before an examining magistrate. N.M. Const. art. II, § 14. Did the time commence to run from the date of the first arraignment or did it run from the date of the waiver of arraignment?

The first question we must answer is what was the status of the "case" prior to the waiver of arraignment. To answer this question we discuss the nature of a preliminary examination. Waiver of the preliminary examination is not an issue in this case. Further, no issue is raised as to the sufficiency of the transfer hearing having fulfilled the purposes of a preliminary examination. *See State v. Archuleta*, 82 N.M. 378, 482 P.2d 242 (Ct.App.1970).

■ Two things must be proved at a preliminary examination: the fact that a crime has been committed and probable cause to believe that the person charged committed the crime. *State v. Melendrez*, 49 N.M. 181, 159 P.2d 768 (1945). *State v. Garcia*, 79 N.M. 367, 443 P.2d 860 (1968), states the purpose of a preliminary examination as:

The preliminary hearing is to determine whether a crime has been committed, the connection the accused has with it thereby informing him of the nature and character of the crime charged, to perpetuate testimony, and to establish bail, if the offense is bailable. *State v. Melendrez*, 49 N.M. 181, 159 P.2d 768 (1945).

*See also Archuleta.*

■ The preliminary examination is a critical stage of a criminal proceeding and counsel must be made available to the accused. *See Williams v. Sanders*, 80 N.M. 619, 459 P.2d 145 (1969), and cases cited

therein. *See also State v. Vaughn*, 74 N.M. 365, 393 P.2d 711 (1964). *Vaughn* states:

When violation of a constitutional right in the proceedings before the magistrate is brought to the attention of the trial court and found to exist, the accused's right and the court's duty is to abate the information until there has been a proper preliminary examination, and remand the accused to the magistrate for such examination unless it be competently waived. *State v. Bailey*, 62 N.M. 111, 305 P.2d 725; *State ex rel. Hanagan v. Armijo* [72 N.M. 50, 380 P.2d 196]. The district court does not lose jurisdiction of the information theretofore filed by abating it and remanding the accused to the magistrate for a proper preliminary hearing, nor is there any requirement for the filing of a new information after such new preliminary examination. *State v. Bailey*, supra.

■ *State ex rel. Hanagan v. Armijo*, 72 N.M. 50, 380 P.2d 196 (1963), makes it clear that the effect of denying an accused a constitutional right at a preliminary examination is the same as though there was no examination. The same reasoning applies in the instant case.

■ The New Mexico Constitution requires that before a person shall be held to answer on an information, a preliminary examination shall be held. N.M. Const. art. II, § 14. Furthermore, there is case law to the effect that jurisdiction of the district court may be "lost" because of the failure to afford defendant a preliminary examination when its absence is timely brought to the attention of the district court. *See Mascarenas v. State*, 80 N.M. 537, 458 P.2d 789 (1969). Implicit in these authorities is the proposition that the district court's authority to conduct an arraignment commences only after a finding of probable cause or a waiver of such an inquiry. Thus, an arraignment cannot occur until after the preliminary examination

is held. Since a preliminary examination, unless waived, is a prerequisite to the district court's holding a person to answer an information lodged against him (N.M. Const. art. II, § 14; *see also State v. Sexton*, 78 N.M. 694, 437 P.2d 155 (Ct.App. 1968)), the first so-called arraignment in this case was not effective to commence the operation of Rule 37. *See Vaughn.*

Thus, the time constraints of Rule 37 did not start to run until defendant waived his arraignment filed in the district court on May 26, 1983. The six months would not have expired until November 26, 1983. The trial setting for November 3, 1983, was timely.

The trial court is reversed and the cause is remanded for reinstatement on the trial court's calendar.

**IT IS SO ORDERED.**

DONNELLY, C.J., and MINZNER, J., concur.