Certiorari Denied, No. 31,790, July 17, 2009

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-090**

**Filing Date:  June 2, 2009**

**Docket No. 27,437**

**STATE OF NEW MEXICO,**

     **Plaintiff-Appellee,**

**v.**

**BERNARDO RODRIGUEZ, JR.,**

     **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Joe Parker, District Judge**

Gary K. King, Attorney General
Francine A. Chavez, Assistant Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, LLC
Robert E. Tangora
Santa Fe, NM

for Appellant

## OPINION

**VANZI, Judge.**

**{1}**     Defendant was convicted of:   (1) possession of a controlled substance (methamphetamine), a fourth degree felony in violation of NMSA 1978, Section 30-31-23(D) (2005); (2) possession of a dangerous drug (Flexeril) without a prescription, a fourth degree felony in violation of NMSA 1978, Section 26-1-16(E) (2005); (3) attempt to escape from custody or control of a peace officer, a fourth degree felony in violation of NMSA

1978, Section 30-22-10 (1963); and (4) criminal damage to property ($1,000 or less), a petty misdemeanor in violation of NMSA 1978, Section 30-15-1 (1963). We address: (1) whether the State may, by filing a criminal information, charge Defendant with a fourth degree felony after Defendant was bound over to the district court by the magistrate court on a misdemeanor following a preliminary hearing; and (2) whether Defendant was entitled to a directed verdict on the charge of possession of a controlled substance (methamphetamine) because of alleged gaps in the chain of custody of the methamphetamine seized from his person. We vacate Defendant's conviction for violating Section 26-1-16(E) and affirm Defendant's remaining convictions.

## I.     BACKGROUND

**{2}**     Officers Roland Kroeger and Jerry Crowe of the Clovis Police Department were dispatched to a hotel after the Clovis Police Department received an anonymous tip that narcotics use was in progress. The officers knocked on Defendant's hotel room door, and Defendant responded. When asked simple questions, Officer Crowe observed that Defendant's responses "didn't make sense." The officers obtained Defendant's consent to search his room. During the search, officers discovered two prescription pill bottles containing pills and a plastic baggy also containing pills in a duffel bag belonging to Defendant. The labels on the pill bottles indicated that the pills did not belong to Defendant. Using a field guide, the officers determined that the pill bottles contained two different types of prescription medication, Cephalexin and Flexeril. The pills in the plastic baggy were identified as Vicodin and another "narcotic painkiller." Following Defendant's arrest, the officers discovered a "small plastic bindle" in Defendant's left front pocket that contained a substance the officers immediately recognized as methamphetamine.

**{3}**     A criminal complaint was filed in the Curry County Magistrate Court which alleged that Defendant committed certain offenses including possession of methamphetamine and possession of a controlled substance without a prescription in violation of Section 30-31-23(C), a misdemeanor offense. Following a preliminary hearing, the magistrate judge found that there was probable cause to conclude that Defendant committed the offenses in the criminal complaint, and a bind-over order to stand trial in the district court was filed.

**{4}**     The State subsequently filed a criminal information in the district court charging that Defendant committed the following offenses: (1) possession of a controlled substance (methamphetamine), a fourth degree felony in violation of Section 30-31-23(D); (2) possession of a dangerous drug (Flexeril) without a prescription, a fourth degree felony in violation of Section 26-1-16(E); (3) attempt to escape from custody or control of a peace officer, a fourth degree felony in violation of NMSA 1978, Section 30-22-10 (1963); and (4) criminal damage to property ($1,000 or less), a petty misdemeanor in violation of NMSA 1978, Section 30-15-1 (1963). Defendant waived arraignment on the charges set forth in the criminal information and entered a not guilty plea.

2

**{5}** At trial, Defendant moved to amend the criminal information with respect to Count II, possession of a dangerous drug without a prescription, arguing that the charge contained in the criminal information was improper. Defendant pointed out that the information charged him with a felony count of possession of a dangerous drug without a prescription, but the magistrate judge had bound him over for trial on a misdemeanor charge of possession of a controlled substance without a prescription. The State argued that Defendant's motion was untimely and that Defendant had waived his right to make the motion. At the close of trial, Defendant renewed the motion in the form of a motion to strike and a motion for directed verdict, which the district court denied.

**{6}** Defendant appeals, arguing that permitting the State to file a criminal information charging him with a felony offense, when a bind-over order issued by the magistrate court following the preliminary hearing only charges him with a misdemeanor offense, violates Article II, Section 14 of the New Mexico Constitution.

**{7}** Defendant also moved for directed verdict with regard to Count I, possession of a controlled substance, asserting that the State failed to adequately demonstrate a complete chain of custody concerning the substance Officer Crowe seized from Defendant during the search incident to arrest. Defendant argued that there was no way to demonstrate that the substance seized by Officer Crowe was the same substance James Mitkiff, an employee of the Department of Public Safety at the Northern Forensic Laboratory in Santa Fe, tested in his lab. Accordingly, Defendant argued that James Mitkiff's testimony that the substance he tested was methamphetamine had no bearing on the identity of the substance seized from Defendant. The district court denied the motion.

## II.    DISCUSSION

### A.    Due Process and the Bind-Over Order

**{8}** Defendant asserts that his right to due process, pursuant to Article II, Section 14 of the New Mexico Constitution, was violated when the State filed a criminal information that did not conform to the bind-over order stemming from his preliminary hearing before the magistrate judge. During trial, Defendant objected that altering the charges as set forth in the bind-over order was impermissible and that the felony charge stated in the criminal information for violating Section 26-1-16(E), possession of a dangerous drug without a prescription should be amended to reflect a petty misdemeanor charge of possession of a controlled substance without a prescription. Because Defendant was never provided with an initial determination of probable cause for the charge of possession of a dangerous drug without a prescription, we conclude that Article II, Section 14 of the New Mexico Constitution governs the right at stake regarding this felony charge. Accordingly, we apply a de novo review. *State v. Chavez*, 2008-NMCA-125, ¶ 5, 144 N.M. 849, 192 P.3d 1226 (holding that appellate courts review constitutional claims de novo).

3

**{9}** The criminal complaint initiating the prosecution of Defendant was not included in the record of proceedings. Thus, to resolve this issue we must rely upon the record before the Court to establish the underlying facts. It is undisputed by the parties that the criminal complaint filed in the magistrate court charged Defendant with possession of a controlled substance without a prescription in violation of Section 30-31-23(C), a misdemeanor offense. Defendant was bound over for trial on this misdemeanor charge. The criminal information subsequently filed in district court altered the charge from possession of a controlled substance to possession of a dangerous drug without a prescription in violation of Section 26-1-16(E), a fourth degree felony.

## 1. Article II, Section 14

**{10}** The pertinent language of Article II, Section 14 of the New Mexico Constitution states:

> [n]o person shall be held to answer for a capital, felonious or infamous crime unless on a presentment or indictment of a grand jury or information filed by a district attorney or attorney general or their deputies . . . No person shall be so held on information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination.

N.M. Const. art. II, § 14. Our Supreme Court in *State v. Coates*, 103 N.M. 353, 356, 707 P.2d 1163, 1166 (1985), *abrogated on other grounds as stated in State v. Brule*, 1999-NMSC-026, ¶ 3, 127 N.M. 368, 981 P.2d 782, observed that this section of the New Mexico Constitution ensures that "no person is deprived of his liberty without due process of law." Our Supreme Court clarified that Article II, Section 14 mandates two essential findings: "a defendant cannot be held for trial unless a preliminary hearing has been held at which time [1] the accused is informed of the crime charged against him and [2] a magistrate has determined that probable cause exists to hold him." *Id.*

**{11}** In *Coates*, the Court held that an amended criminal information was valid where, after a mistrial, the state filed an amended information that added charges previously omitted because of a clerical error in the original bind-over order. *Id.* at 355, 707 P.2d at 1165. The magistrate judge in *Coates* had orally pronounced charges that were incorrectly transcribed and omitted in the bind-over order. *Id.* Our Supreme Court noted that because the charges added in the amended information were not new charges but merely original charges that were inadvertently omitted from the written bind-over order, there was no error. *Id.* at 356, 707 P.2d at 1166. As we discuss below, there was no similar error with regard to the bind-over order in this case.

**{12}** Throughout its discussion in *Coates*, the Court relied on *State v. McCrary*, 97 N.M. 306, 639 P.2d 593 (Ct. App. 1982) and *State v. Melendrez*, 49 N.M. 181, 159 P.2d 768 (1945). Noting that the underlying facts of *McCrary* and *Melendrez* differ slightly, the Court nevertheless concluded that both cases stand for a single proposition: the state is prevented

4

from filing a criminal information that does not substantially conform to the magistrate court's bind-over order. *Coates*, 103 N.M. at 356, 707 P.2d at 1166; *McCrary*, 97 N.M. at 312, 639 P.2d at 599; *Melendrez*, 49 N.M. at 188, 159 P.2d at 773. Our Supreme Court summarized how *Melendrez* and *McCrary* equally support the underlying constitutional concern in Article II, Section 14: "by requiring that the information conform to the bind-over order, the defendant is assured that his detention is based upon charges of which he has been apprised and which have been reviewed by a neutral authority." *Coates*, 103 N.M. at 356, 707 P.2d at 1166. These three cases each support the conclusion that absent some clerical error, where charges have been submitted by criminal information and where those charges were not included in the bind-over order, the defendant has not been afforded due process.

**{13}**     We now turn to the facts of this case. The criminal information included a felony charge, Count II, possession of a dangerous drug (Flexeril) without a prescription. That felony charge was not contained in either the criminal complaint or in the subsequent bind-over order stemming from Defendant's preliminary hearing. *Melendrez*, *McCrary*, and *Coates* instruct us that allowing the state to charge a defendant by information with an offense not considered or included in the bind-over order deprives that defendant of his due process rights by subjecting him to criminal prosecution without probable cause. Unlike *Coates*, there is no claim that an error is contained in the bind-over order. The charge in the criminal information for possession of a dangerous drug without a prescription was completely new. As a result, the magistrate judge made no probable cause determination in the preliminary hearing to charge Defendant with Count II as set forth in the criminal information. Because Defendant was never afforded a probable cause determination with respect to Count II, we conclude that he has demonstrated a deprivation of his due process rights and we must now assess the consequences of such a violation.

**2.     Consequences and Remedy**

**{14}**     In *State v. Vaughn*, 74 N.M. 365, 393 P.2d 711 (1964), three defendants asserted they were denied their right to counsel at the preliminary hearing in violation of Article II, Section 14. *Id.* at 367-68, 393 P.2d at 712-13. The state responded that the defendants waived their right to counsel at a hearing in the district court prior to arraignment. *Id.* at 368, 393 P.2d at 713. It is well settled that a district court may inquire whether a defendant is willing to waive preliminary examination and the rights afforded under Article II, Section 14. *State v. Sanchez*, 101 N.M. 509, 511, 684 P.2d 1174, 1176 (Ct. App. 1984); *State v. Rogers*, 31 N.M. 485, 498, 247 P. 828, 833-34 (1926). The defendants in *Vaughn* countered that because they were denied their constitutional right to a preliminary hearing as provided in Article II, Section 14, the district court never obtained jurisdiction over their case which precluded a waiver in the district court. *Vaughn*, 74 N.M. at 368, 393 P.2d at 714.

**{15}**     Our Supreme Court rejected this argument explaining that "[d]istrict courts have jurisdiction of criminal cases, N.M. Const. Art. VI, § 13. The district court acquired jurisdiction of this case upon the filing of the information." *Id.*; *Mascarenas v. State*, 80

5

N.M. 537, 538, 458 P.2d 789, 790 (1969) (stating that "the district court acquires jurisdiction of a criminal case upon the filing of the information"); *State v. Hunter*, 2005-NMCA-089, ¶ 12, 138 N.M. 96, 117 P.3d 254 (same). However, our Supreme Court in *Vaughn* held that, while the district court's initial acquisition of jurisdiction was not in contention, "the jurisdiction acquired [by the district court] at the beginning of the case may be lost 'in the course of the proceeding' by failure of the court to remand for a preliminary examination when its absence is timely brought to the attention of the district court." *Vaughn*, 74 N.M. at 369, 393 P.2d at 714. As such, our Supreme Court instructed:

> When violation of a constitutional right in the proceedings before the magistrate is brought to the attention of the [district] court and found to exist, the accused's right and the court's duty is to abate the information until there has been a proper preliminary examination, and remand the accused to the magistrate for such examination unless it be competently waived.

*Id.* Abatement is defined as (1) "[t]he act of eliminating or nullifying" ("abatement of a nuisance"; "abatement of a writ") and (2) "[t]he suspension or defeat of a pending action for a reason unrelated to the merits of the claim" ("the defendant sought abatement of the suit because of misnomer."). *Black's Law Dictionary* 3 (8th ed. 2004) (illustrating the distinction between an "abatement" and a "stay of proceedings" and explaining that "[a]lthough the term 'abatement' is sometimes used loosely as a substitute for 'stay of proceedings,' the two may be distinguished on several grounds. For example, when grounds for abatement of an action exist, the abatement of the action is a matter of right, but a stay is granted in the court's discretion."). The *Vaughn* directive was subsequently reiterated in *Mascarenas*, 80 N.M. at 538, 458 P.2d at 790, and *Sanchez*, 101 N.M. at 511, 684 P.2d at 1176. Thus, the precedent promulgated by *Vaughn* requires us to determine whether the district court acquired jurisdiction before undertaking any analysis of an alleged waiver.

**{16}** Finally, we observe that a criminal defendant may raise an objection based on Article II, Section 14 at any time during proceedings and following conviction. *See State v. Chacon*, 62 N.M. 291, 293-94, 309 P.2d 230, 232 (1957) (reversing a criminal defendant's conviction and sentence because "the 'criminal complaint' upon which he was first sentenced in the district court failed to meet the requirements of [Article II, Section 14], thereby denying the court jurisdiction to accept the guilty plea and impose sentence upon him"). Having set forth the relevant precedent, we return to our discussion of the present matter.

**{17}** During the course of trial and again after the State rested, Defendant objected to the criminal information. As noted, pursuant to *McCrary*, *Melendrez*, and *Coates*, the addition of this incorrect charge amounted to a violation of Article II, Section 14 of the New Mexico Constitution. Pursuant to *Vaughn*, *Mascarenas*, and *Sanchez*, once it became aware of this error, it was the district court's duty to obtain a competent waiver from Defendant or abate the information until a proper preliminary hearing for Defendant's alleged violation of Section 26-1-16(E) occurred. Because the district court did not do so, and in the absence of a competent waiver, we hold that Defendant's conviction for violating Section 26-1-16(E)

6

must be vacated. Defendant was held to answer for that offense in violation of Article II, Section 14 of the New Mexico Constitution. *See Chacon*, 62 N.M. at 294, 309 P.2d at 232 (reversing the sentence imposed by district court for lack of jurisdiction over the defendant where prosecution was initiated in violation of Article II, Section 14 of the New Mexico Constitution). Our conclusion is unaffected by the State's contention, which we discuss below, that Defendant waived his right to object to the constitutional deprivation by entering a not guilty plea during his arraignment.

## 3.    Waiver

**{18}** The State does not deny that the charge under Count II was new or that it is barred from charging Defendant by criminal information with crimes not included in the bind-over order or criminal complaint. Rather, the State contends that Defendant was arraigned roughly three weeks after the State filed the criminal information and failed to raise any constitutional challenge to the counts included in that information at that time. Because Defendant was represented by counsel at the arraignment and because counsel failed to object to the counts listed in the criminal information until trial, the State argues that Defendant waived his constitutional right to contest the fact that the information charged him with offenses not included in the bind-over order. We disagree.

**{19}** In support of the assertion that Defendant waived his right to object by entering a not guilty plea during arraignment, the State cites a string of cases holding that "the right to have a preliminary hearing may be and is waived upon entry of a plea in district court." *Sanders v. Cox*, 74 N.M. 524, 525, 395 P.2d 353, 354 (1964); *State v. Blackwell*, 76 N.M. 445, 446, 415 P.2d 563, 564 (1966) ("[T]he entry of a plea in the district court . . . when represented by competent counsel, serve[s] as a waiver of any defects in the preliminary hearing."); *State v. Darrah*, 76 N.M. 671, 673, 417 P.2d 805, 807 (1966) (same). In light of this precedent, the State asserts that Defendant's "entry of the plea [at arraignment] in district court served as a waiver to challenge any deficiencies Defendant now claims occurred during the preliminary examination." We understand the State's argument to mean that if a defendant can waive a preliminary examination, he can also waive a deficiency in a bind-over order resulting from the preliminary examination. The question in this case, however, is not *whether* a defendant can waive a deficiency in the bind-over order but whether Defendant *in this case* made an informed and competent waiver.

**{20}** With respect to waivers of constitutional rights, our Supreme Court has instructed that

> [a] waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege which must be made in a knowing and voluntary manner. To determine the validity of a waiver, a reviewing court must consider the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused. To be

7

valid waivers not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences . . . [T]he court's obligation to make sure that the waiver is valid, and is predicated upon a meaningful decision of the accused, does not require any particular ritual or form of questioning. Although no particular litany of questions may be required, there must be a sufficient colloquy to satisfy the [district] court's responsibilities; a knowing and voluntary waiver cannot be inferred from a silent record.

*State v. Padilla*, 2002-NMSC-016, ¶¶ 18-19, 132 N.M. 247, 46 P.3d 1247 (internal quotation marks and citations omitted). We see no basis to conclude that entering a not guilty plea to a defective criminal information at arraignment itself constituted a waiver of Defendant's rights to a probable cause hearing under Article II, Section 14 of the New Mexico Constitution. There is no evidence in the record that Defendant knowingly and voluntarily waived his right to be "informed of the crime charged against him" and to a determination "that probable cause exists to hold him" for that felony charge. *Coates*, 103 N.M. at 356, 707 P.2d at 1166. Indeed, defense counsel was ignorant of the fact that the criminal information altered the charges set out in the bind-over order. We have previously noted that in the absence of a clear showing of waiver, this Court on appeal "will indulge in every reasonable presumption against the waiver of a fundamental constitutional right, and will not presume acquiescence in its loss." *State v. Lewis*, 104 N.M. 218, 221, 719 P.2d 445, 448 (Ct. App. 1986). Based on the foregoing, we conclude that Defendant's not guilty plea at his arraignment cannot serve as a waiver of the constitutional requirements mandated in Article II, Section 14.

{21}    Defendant raises two additional issues concerning his conviction for possession of a dangerous drug without a prescription under Section 26-1-16(E): that the elements instruction concerning this crime was flawed, and that this offense merged with his conviction for possession of a controlled substance. Since we have concluded that his conviction for possession of a dangerous drug without a prescription must be vacated, we do not address these arguments. *See State v. Jacobs*, 102 N.M. 801, 803, 701 P.2d 400, 402 (Ct. App. 1985) ("We do not give advisory opinions.").

**B.    Chain of Custody**

{22}    Defendant next argues, pursuant to *Franklin* and *Boyer* that the district court erroneously denied his motion for directed verdict with regard to Count I, possession of a controlled substance. We note that Defendant did not challenge the admissibility of the methamphetamine on foundational grounds nor did he challenge the chain of custody during the course of trial. Instead, Defendant moved for a directed verdict at the close of trial arguing that "there was insufficient evidence that the substance tested and identified by the crime lab technician was the same substance found on the Defendant."

{23}    The nature and form of Defendant's objection, a motion for directed verdict, permits us to inquire only "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element

8

essential to [Defendant's] conviction." *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988). It is well settled that we do not "weigh the evidence and may not substitute [our] judgment for that of the fact finder so long as there is sufficient evidence to support the verdict." *Id.* Thus, the Court resolves all disputed facts in favor of the guilty verdict, indulging all reasonable inferences in support of the guilty verdict, and disregarding all evidence to the contrary. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{24}** As we have noted, Defendant did not make any objection to the admission of the methamphetamine but instead argued to the district court that the State presented insufficient evidence to establish that the methamphetamine was seized from Defendant. The admission of real or demonstrative evidence does not require the State to establish the chain of custody in sufficient detail to exclude all possibility of tampering. *State v. Rubio*, 2002-NMCA-007, ¶ 16, 131 N.M. 479, 39 P.3d 144 (citations omitted). Admission of evidence is within the district court's discretion and there is no abuse of discretion when the evidence is shown by a preponderance of the evidence to be what it purports to be. *Id.*

**{25}** In this case, the record establishes the following chain of custody: (1) During a search incident to arrest, Officer Crowe found a plastic "bindle" containing a white crystalline substance which he recognized immediately as methamphetamine on Defendant's person; (2) Officer Crowe observed Officer Kinley perform a presumptive field test on the substance; (3) Officer Crowe took the substance into evidence and transferred it to Wendell Blair, the evidence technician who then sent it to the State laboratory; (4) James Mitkiff, an analyst in the Drug Analysis Unit, obtained the evidence from the laboratory's evidence custodian; (5) Mr. Mitkiff performed two tests on the evidence and concluded it was methamphetamine; (6) Mr. Mitkiff sealed the evidence so that it would be apparent if anyone tried to tamper with or alter with it, and returned the evidence to the evidence custodian. Based on this record, there is sufficient evidence to support the verdict that the substance seized from Defendant was the same substance that was tested by the State laboratory and determined to be methamphetamine.

## III.   CONCLUSION

**{26}** For the foregoing reasons, Defendant's conviction for possession of a dangerous drug (Flexeril) without a prescription under Section 26-1-16(E) is vacated. Defendant's remaining convictions are affirmed. We remand to the district court for re-sentencing consistent with this opinion.

**{27}   IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

9

_____

**TIMOTHY L. GARCIA, Judge**

**Topic Index for *State v. Rodriguez*, No. 27,437**

| | |
|---|---|
| **CL** | **CRIMINAL LAW** |
| CL-CL | Controlled Substances |
| CL-ES | Escape |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-DU | Due Process |
| CA-DV | Directed Verdict |
| CA-PA | Probable Cause |
| CA-PJ | Prejudice |
| | |
| **EV** | **EVIDENCE** |
| EV-BT | Blood/Breath Tests |
| EV-CC | Chain of Custody |
| | |
| **JD** | **JURISDICTION** |
| JD-MC | Magistrate Court |