Correction Page, BuGW #31,566 Filed 2-28-12: Page 1, lines 14-15 replace with Allison H. Jaramillo, Assistant Appellate Defender, Santa Fe, NM.

This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                                                 **No. 31,566**

**JERRY PHILLIPS,**

    **Defendant-Appellant.**


**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Lisa B. Riley, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Santa Fe, NM

Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals his conviction for possession of a controlled substance. In our notice, we proposed to affirm his conviction. Defendant has timely responded to our proposal. We have considered his arguments and, not being persuaded, affirm. Defendant continues to assert that the district court erred by failing to exclude his admission made at the time of his arrest. He recognizes that his statements were "statements made during custodial interrogation that may be in response to police questioning but are unresponsive to the questions asked." *State v. Fekete*, 120 N.M. 290, 300, 901 P.2d 708, 718 (1995). Such statements do not require suppression. *Id.* Without any citation to authority, Defendant, nevertheless, argues that his statements required suppression. We are unconvinced that Defendant's admission here was subject to *Miranda* protections.

Defendant also continues to argue that his admission should have been excluded because it was not disclosed by the State prior to trial. We proposed to affirm the district court's ruling because Defendant was not challenging the admission of the report itself into evidence, but the officer's testimony about events that were recorded in the report. Defendant cites *State v. Allison*, 2000-NMSC-027, ¶ 6, 129 N.M. 566, 11 P.3d 141, as providing the test to be applied when "evidence is disclosed for the

first time during trial." [MIO 11] We decline to apply the *Allison* test, because we do not believe that *Allison* applies to the testimony of live witnesses. Defendant has still identified no authority that the statement was inadmissible simply because it was also contained in the report. Because Defendant identifies no valid basis on which to exclude the officer's statement regarding Defendant's custodial admissions, we find no error in the district court's refusal to exclude the statement.

Defendant continues to argue that the district court erred by admitting the "drug evidence" at trial, where "the chain of custody testimony was incomplete, and therefore the drug lab report as to the evidence also lacked adequate foundation." In our notice, we relied on *State v. Peters*, 1997-NMCA-084, ¶¶ 25-27, 123 N.M. 667, 944 P.2d 896, for the proposition that"[i]n order to admit real or demonstrative evidence, the evidence must be identified either visually or by establishing custody of the object . . . ." Defendant recognizes that "[t]he admission of real or demonstrative evidence does not require the State to establish the chain of custody in sufficient detail to exclude all possibility of tampering." *State v. Rodriguez*, 2009-NMCA-090, ¶¶ 22-23, 146 N.M. 824, 215 P.3d 762. Nevertheless, he maintains, the State must still lay an adequate foundation and demonstrate a proper chain of custody.

Although he argues that was not done here, he does not contest the facts upon which we relied in our calendar notice to establish the chain of custody and the

3

foundation for admission of the drug evidence. Therefore, we conclude that there was no error in the district court's admission of the evidence.

Finally, Defendant continues to argue that his conviction was not supported by sufficient evidence. In so doing, he argues that there was testimony from the lab analyst that he sometimes gets a false positive result on drug tests. [MIO 15-16] He also argues that the officer's testimony about his admission that the methamphetamine was his was incorrect. [MIO 16] In light of our standard of review, neither of these matters is sufficient to undermine the verdict. It is for the finder of fact to reconcile conflicts in the evidence and determine where the truth lies. The fact finder can ignore Defendant's version of events. This Court reviews the evidence in the light most favorable to the verdict. *See State v. Barber*, 2003-NMCA-053, ¶ 16, 133 N.M. 540, 65 P.3d 1095.

We conclude that the evidence was sufficient to establish that Defendant had methamphetamine in his possession, knowing that it was methamphetamine.

For the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

4

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARCIA, Judge**