This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                      **NO. 30,662**

**THOMAS HERRERA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Francine A. Chavez, Assistant Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Judge.**

Defendant appeals his convictions for possession of a controlled substance (methamphetamine), tampering with evidence, and resisting, evading, or obstructing an officer. We affirm.

**BACKGROUND**

Because the parties are familiar with the factual and procedural background and because this is a memorandum opinion, we do not summarize the background information in any detail. We refer to specific facts as necessary in our analysis.

**DISCUSSION**

In this appeal, Defendant argues that: (1) insufficient evidence supported his convictions; (2) the district court erred in admitting Exhibit 2; and (3) the district court improperly instructed the jury on the crime of resisting, evading, or obstructing an officer. We address each in turn.

**1.      Sufficiency of the Evidence**

"In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We do not weigh the evidence or substitute our judgment for that of the fact finder as long as there is sufficient evidence to support the verdict. *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346,

950 P.2d 789, *abrogated on other grounds by Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683.

**a.      Possession of a Controlled Substance**

The jury was instructed that in order to establish that Defendant was guilty of possession of a controlled substance, the State had to prove beyond a reasonable doubt that Defendant had methamphetamine in his possession, that he knew or believed that it was methamphetamine, and that this happened in New Mexico on August 29, 2009, Defendant challenges only the element of possession.  He claims that the State failed to establish that it was Defendant and not another passenger of the vehicle in question or a passerby who dropped a plastic bag from the vehicle at the intersection of Summit and Virginia.

Officer Nicholas Poire testified that he was traveling southbound on Main Street when he saw a Suburban without taillights traveling northbound on Main. Officer Poire made a U-turn and activated his emergency lights as he followed the Suburban.  The Suburban turned right on Summit and then turned left on Virginia. Officer Poire saw the driver extend his arm out the window and drop a clear plastic bag as he was turning.  When the Suburban stopped about 100 feet from the corner, the front passenger door flew open and an occupant ran off.  When Officer Poire contacted the driver, who was Defendant, he saw that there were no passenger seats

3

in the vehicle and that there was a passenger behind the driver on the driver's side. About ten minutes later, when other officers had arrived to cover the vehicle and its occupants, Officer Poire went back to the location where he had seen Defendant drop the bag. He recovered the clear plastic bag, which had been torn in half such that he found a bag with a knot in it and a corner piece of bag with a crystallized substance in it. A forensic scientist, Eric Young, later identified the crystallized substance as methamphetamine.

Defendant argues that the State failed to prove that he exercised control over the methamphetamine because (1) Defendant was not the only person in the car when the bag was discarded, (2) Officer Poire saw only one bag dropped rather than the two bags found, (3) the bags could have been dropped by anyone at the public intersection where they were found, (4) Officer Poire could not see whose arm extended from the window, and (5) police did not perform fingerprint analysis on the bags to determine who had handled them. We are not persuaded.

The district court instructed the jury:

A person is in "possession" of methamphetamine when, on the occasion in question, he knows what it is, he knows it is on his person or in his presence and he exercises control over it. Even if the substance is not in his physical presence, he is in possession if he knows where it is, and he exercises control over it. Two or more people can have possession of a substance at the same time. A person's presence in the vicinity of the substance or his knowledge of the existence or the location of the substance, is not, by itself, possession.

4

The evidence supported the jury's conclusion that Defendant exercised control over the methamphetamine. Officer Poire testified that he knew it was Defendant's arm that extended from the driver's window and dropped the bag because of the amount of arm, including the elbow, that came out of the window. He said that the arm extended straight out as if the driver was signaling to make a left turn. He testified that he did not see how it was possible for the rear passenger to come up behind the driver and extend his arm out the window. The interior of the Suburban had been gutted so that there were no passenger seats, and the rear passenger was sitting farther away from the driver than normal—not within arm's reach of the driver. Officer Poire opined that if it wasn't the driver who threw the bag out the window, the person who did would have been sitting in the driver's lap, given the amount of arm that came out the window.

This testimony gave rise to the reasonable inference that it was Defendant, who was driving the Suburban, who extended his arm out the driver's window and dropped the plastic bag. *See State v. Garcia*, 2005-NMSC-017, ¶¶ 21-22 , 138 N.M. 1, 116 P.3d 72 (holding that evidence gave rise to fair inference that the defendant exercised control over a gun found under the defendant's seat in a vehicle because the ammunition clip fitting the gun was found on the defendant's seat); *State v. Franco*, 2004-NMCA-099, ¶¶ 4, 6-7, 18, 136 N.M. 204, 96 P.3d 329 (holding that sufficient

evidence supported the defendant's conviction for possession of methamphetamine when the drug was found in a container outside a bathroom window after the defendant was seen running into the bathroom, despite testimony from a witness claiming responsibility for throwing the drug out the window), *rev'd on other grounds by* 2005-NMSC-013, 137 N.M. 447, 112 P.3d 1104.  Although Defendant points to evidence that might call into question Defendant's control over the bag, the jury was free to reject his theory of the case.  *State v. Stefani*, 2006-NMCA-073, ¶ 39, 139 N.M. 719, 137 P.3d 659.

**b.      Tampering with Evidence**

Defendant claims there was insufficient evidence tying him to both of the bags found at the Summit/Virginia intersection and, therefore, his conviction for tampering with evidence cannot stand.  He also contends that the evidence did not permit the jury to infer that he had the intent required for the crime of tampering.

The district court instructed the jury that in order to convict Defendant of tampering with evidence, the State had to prove beyond a reasonable doubt that Defendant "hid, changed or placed a controlled substance," that he intended to prevent his apprehension, prosecution or conviction for possession of the controlled substance, and that this happened in New Mexico on August 29, 2009.  We conclude that the State presented substantial evidence supporting all elements of the crime.

As discussed in the previous section, Officer Poire testified to evidence supporting the view that Defendant extended his arm out of the Suburban's window and dropped a plastic bag after Officer Poire began following Defendant and activated his emergency lights. Officer Poire also testified that he shone his spotlight on the Suburban's rear window and that the patrol car's headlights were "wig-wagging" before Defendant dropped the bag. Thus, the jury could fairly infer that Defendant thought he was about to be stopped and that he discarded the bag containing the methamphetamine in order to avoid prosecution for possession of a controlled substance. *State v. Silva*, 2008-NMSC-051, ¶ 18, 144 N.M. 815, 192 P.3d 1192 (explaining that intent to prevent apprehension, prosecution or conviction is "often inferred from an overt act of the defendant").

We are not persuaded by Defendant's contention that there must be direct evidence tying him to both bags recovered at the scene. Although Officer Poire saw Defendant discarding only one bag while two bags were found at the scene, these facts do not undermine the evidence supporting the tampering conviction. This case is similar to *State v. Delgado*, 2009-NMCA-061, 146 N.M. 402, 210 P.3d 828, *overruled on other grounds by State v. Aragon*, 2010-NMSC-008, ¶ 19, 147 N.M. 474, 225 P.3d 1280. In *Delgado*, police officers called out to the defendant, who looked at the officers, walked quickly away from them, and appeared to throw something near a

shed. 2009-NMSCA-061, ¶¶ 2-3. One of the officers found a baggie containing a white powdery substance near the shed, whereupon the defendant put his hands behind his back and turned around. *Id.* ¶ 3. This Court held that these facts constituted sufficient evidence to support the defendant's tampering conviction. *Id.* ¶ 24.

In the present case, Officer Poire actually saw Defendant discarding a bag. The jury could consider and weigh the fact that the bag Officer Poire saw turned out to be two bags, but the jury apparently decided that this fact had little significance. This was within the jury's prerogative. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts.").

**c.      Resisting, Evading, or Obstructing an Officer**

Defendant maintains that no reasonable jury could conclude that he resisted or evaded Officer Poire because there was no evidence either that he knew Officer Poire was trying to stop him or that he willfully refused to stop. Defendant highlights the fact that he stopped after traveling only one and a half blocks after he turned onto Summit from Main.

The district court instructed the jury that the State had to prove beyond a reasonable doubt that Officer Poire was a peace officer in the lawful discharge of his

duties, that Defendant knew that Officer Poire was trying to apprehend or arrest Defendant, that Defendant fled, attempted to evade or evaded Officer Poire, and that this happened in New Mexico on August 29, 2009. We conclude that there was substantial evidence supporting the jury's findings that the State proved all of these elements.

Officer Poire testified that after he made a U-turn on Main and got behind the Suburban being driven by Defendant, he activated his emergency lights. Defendant then turned right on Summit, and Officer Poire expected Defendant to stop as soon as he turned on Summit. Defendant did not stop on Summit, and Officer Poire turned on his spotlight, which he shone on the Suburban's rear window, and he had his front headlights "wig-wagging." Defendant still did not stop but turned on Virginia. Defendant finally stopped in the middle of the block.

This evidence, plus the evidence that Defendant discarded the bag of methamphetamine as he turned from Summit onto Virginia, gives rise to the inference that he knew Officer Poire was trying to stop him and that he willfully tried to evade the traffic stop, at least for a time. Again, the jury was free to take into consideration Defendant's theory of the case, and it was also free to reject that theory. *See Rojo*, 1999-NMSC-001, ¶ 19 ("Contrary evidence supporting acquittal does not provide a

basis for reversal because the jury is free to reject [the d]efendant's version of the facts.").

**2.     Admission of Exhibit 2**

Defendant argues that the district court abused its discretion in admitting Exhibit 2, the methamphetamine. (We clarify that the torn bag corner containing the methamphetamine was actually identified as Exhibit 2A, and we refer to it as Exhibit 2A in our discussion.) Defendant claims that there was a break in the chain of custody of Exhibit 2A due to the fact that the State failed to call Detective Fresquez, the evidence technician, as a witness. Defendant also contends that the break in the chain of custody is evidenced by the fact that Officer Poire testified that he put Exhibit 2A in a rubber glove when he collected it at the scene but no rubber glove was received by the laboratory that tested the substance in Exhibit 2A.

"Admission of evidence is within the district court's discretion and there is no abuse of discretion when the evidence is shown by a preponderance of the evidence to be what it purports to be." *State v. Rodriquez*, 2009-NMCA-090, ¶ 24, 146 N.M. 824, 215 P.3d 762. As for the chain of custody, "the evidence must be identified . . . by establishing custody of the object from the time of seizure to the time it is offered into evidence." *State v. Peters*, 1997-NMCA-084, ¶ 26, 123 N.M. 667, 944 P.2d 896. It is not necessary for the prosecution to establish the chain of custody so as to exclude

10

all possibility of tampering. *Id.* "Questions concerning a possible gap in the chain of custody affect[] the weight of the evidence, not its admissibility." *Id.*

The State introduced the following evidence concerning the methamphetamine's chain of custody. Officer Poire identified Exhibit 2A as the bag containing the crystallized substance that he collected on August 29, 2009, from the intersection of Summit and Virginia. He put the bag in a rubber glove to keep it from spilling. He secured the bag in the trunk of his patrol car, sealed it in another bag, and logged it into evidence. The evidence technician, Detective Fresquez, then sent it to the lab for testing.

Eric Young, a forensic scientist at the Southern Forensic Laboratory in Las Cruces, testified that the evidence was sealed up with tape when he received it at the lab. He stated that the lab will not admit evidence for testing unless the evidence is sealed and unless it contains the transmitting agency's case number and the sealing person's initials. He testified that there was no indication that Exhibit 2A failed to meet these protocols.

Consistent with *Peters*, we conclude that the district court did not abuse its discretion in admitting Exhibit 2A. In cross-examining Young, defense counsel brought out the facts that there was no rubber glove with Exhibit 2A when it arrived at the lab and that Young never spoke to Detective Fresquez about her handling of the

evidence. The jury could give these facts whatever weight it deemed appropriate in determining Exhibit 2A's impact on its verdict. *See Peters*, 1997-NMCA-084, ¶ 26 ("Questions concerning a possible gap in the chain of custody affect[] the weight of the evidence, not its admissibility.").

**3.      Propriety of Jury Instruction on Resisting, Evading, or Obstructing**

In its answer brief, the State responded to what it deemed to be Defendant's argument questioning the propriety of the district court's instruction on resisting, evading, or obstructing a police officer. In his reply brief, Defendant clarified that he was not challenging the propriety of the instruction; instead, he was arguing that the evidence was insufficient to establish the mens rea elements of the crime. However, because the State placed the instruction in contention, Defendant then argued that the instruction was an erroneous statement of the law.

Defendant acknowledges that he did not preserve this alleged error and that we therefore review his claim for fundamental error. "The doctrine of fundamental error applies only under exceptional circumstances and only to prevent a miscarriage of justice." *State v. Barber*, 2004-NMSC-019, ¶ 8, 135 N.M. 621, 92 P.3d 633. We consider whether a reasonable juror would have been confused or misled by the instruction at issue. *State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134.

The instruction given provided:

> For you to find [D]efendant guilty of [r]esisting, [e]vading or [o]bstructing an[] [o]fficer as charged in Count 3, the State must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> > 1.   Officer Nicholas Poire was a peace officer in the lawful discharge of his duty;
> >
> > 2.   [D]efendant, with the knowledge that Officer Poire was attempting to apprehend or arrest [D]efendant, fled, attempted to evade or evaded Officer Poire;
> >
> > 3.   This happened in New Mexico on or about the 29th day of August, 2009.

This instruction tracked the uniform jury instruction applicable to NMSA 1978, Section 30-22-1 (1981), that was in effect at the time of trial. *See* UJI 14-2215 NMRA (1998). A use note for that version of UJI 14-2215 provided that "[t]his instruction is to be used only if the defendant is charged under Subsection B or D of Section 30-22-1. . . . If a charge is brought under [Subsection] (A) or (C) . . . , the appropriate instruction should be drafted." UJI 14-2215 (1998), Use Note 1.

Defendant argues that because he was charged under Subsection C of Section 30-22-1, the State should have complied with the use note and drafted an appropriate instruction. Because the State did not do so, Defendant claims that the instruction given included elements of a different crime than the one charged and, therefore, that he was denied due process of law.

13

We are not persuaded. Subsection C defines one version of the crime of resisting, evading, or obstructing an officer as:

> willfully refusing to bring a vehicle to a stop when given a visual or audible signal to stop, whether by hand, voice, emergency light, flashing light, siren or other signal, by a uniformed officer in an appropriately marked police vehicle[.]

Section 30-22-1(C). The instruction given could have been re-drafted to more closely follow Subsection C. However, the instruction given includes broad statements of all of the elements stated in Subsection C. The phrases "with the knowledge that Officer Poire was attempting to apprehend or arrest [D]efendant" and "fled, attempted to evade or evaded Officer Poire" constitute the equivalent of "willfully refus[ed] to bring a vehicle to a stop" in Subsection C. We fail to see how the instruction given could have confused or misled the jury.

**CONCLUSION**

For the foregoing reasons, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

14

_____

**MICHAEL E. VIGIL, Judge**