This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38880

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**TERRELL WILLYARD,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. W. Shoobridge, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from the district court's judgment and sentence convicting him for DWI (3rd offense). The judgment and sentence was entered upon mandate from this Court based our formal opinion in *State v. Willyard*, 2019-NMCA-058, 450 P.3d 445, reversing the district court's previous order that set aside the verdict and instructing the district court to enter judgment in accordance with the jury's verdict. Unpersuaded by Defendant's appeal to this Court, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We remain unpersuaded and affirm.

{2}    In his appeal, Defendant challenges the sufficiency of the evidence to support his conviction [DS unnumbered 4; MIO 2-5] and contends he was denied the effective assistance of counsel [DS unnumbered 4; MIO 6-7]. In *Willyard*, we required the district court to render judgment in accordance with the jury's guilty verdict, but nevertheless reviewed the district court's ruling that the evidence was insufficient, "[i]n the interest of conserving judicial resources," noting that another appeal would be "likely to follow if we remand without addressing this issue." *Id.* ¶ 21. Our effort in that regard, however, was misplaced, given that another appeal was likely to follow because, as Defendant points out, he has the constitutional right to appeal, [DS unnumbered 4] and we will not deprive him of that right. *See* N.M. Const., art. VI, § 2 ("[A]n aggrieved party shall have an absolute right to one appeal."); *see also State v. Dorais*, 2016-NMCA-049, ¶¶ 7-11, 370 P.3d 771 (holding that even with inaction, criminal defendants maintain the absolute right to appeal the judgment and sentence, in the absence of a valid waiver). Thus, we do not treat our sufficiency analysis in *Willyard*, 2019-NMCA-058, ¶¶ 21-29 as law of the case.

{3}    Our notice explained that, nevertheless, this Court's opinion in *Willyard* and not the docketing statement provides us with the most complete statement of the evidence presented. *See* Rule 12-208(D)(3) NMRA (requiring the docketing statement to contain "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented"). [CN 2-3] Because Defendant's challenges to the sufficiency of the evidence in the State's appeal and in his current appeal identically rely on *State v. Cotton*, 2011-NMCA-096, 150 N.M. 583, 263 P.3d 925, our notice relied on the evidence described in our formal opinion in *Willyard* and proposed to agree with the conclusion we previously reached. [CN 3]

{4}    Specifically, Defendant contends there was insufficient evidence that his driving and impairment overlapped, was the case in *Cotton*, 2011-NMCA-096, ¶¶ 14-15. [DS unnumbered 4; MIO 3-5] *See Willyard*, 2019-NMCA-058, ¶ 23 (explaining Defendant's reliance on *Cotton*). Our opinion disagreed with Defendant on grounds that sufficient circumstantial evidence was presented from which the jury could infer that Defendant was driving while intoxicated. *Id.* ¶ 25. That circumstantial evidence consists of the following: (1) testimony of an eyewitness, who estimated Defendant's truck was traveling at 45 to 50 miles per hour just before it collided with a telephone pole, *id.* ¶ 26; (2) the officer's testimony that Defendant showed signs of impairment by alcohol less than twenty-one minutes after the collision, *id.* ¶ 27; and (3) Defendant's actions showing consciousness of guilt after the accident, including moving his truck out of sight without reporting the accident, hiding behind a pole as an officer approached, and refusing to submit to field sobriety and chemical testing, *id.* ¶ 28.

{5}    Defendant's response to our notice does not dispute that this evidence was presented, but it asserts that, like the jury in *Cotton*, the jury here could not infer intoxication at the time of the accident based on Defendant's signs of intoxication at the time of his encounter with police. [MIO 4] We disagree with Defendant's characterization of the evidence. We continue to believe that the combined evidence of Defendant's poor driving, the signs of his intoxication observed by police within twenty-one minutes of the

collision, and his attempts to conceal himself, his vehicle, and his intoxication from police distinguish this case from *Cotton* and provide sufficient circumstantial evidence from which the jury could infer that Defendant was intoxicated while driving. Accordingly, we hold that sufficient evidence was presented to support Defendant's DWI conviction.

{6}     Defendant's response to our notice also continues to pursue the claim that he was denied the effective assistance of counsel when his attorney failed to challenge admission of the show-up identification. [DS unnumbered 4; MIO 6-7] Our notice proposed to affirm on grounds that Defendant did not demonstrate that counsel's failure affected the verdict. [CN 4] *See State v. Dylan J.*, 2009-NMCA-027, ¶ 38, 145 N.M.719, 204 P.3d 44 (stating that a defense is prejudiced if, as a result of the deficient performance, "there was a reasonable probability that the result of the trial would have been different." (alteration, internal quotation marks, and citation omitted)). We observed that the evidence suggests the show-up identification of Defendant was not necessary to establish Defendant's identity and that there was no apparent dispute as to whether it was Defendant's truck involved in the collision or whether Defendant was driving it. *See Willyard*, 2019-NMCA-058, ¶¶ 27-28. [CN 4]

{7}     Defendant responds by suggesting that the evidence of Defendant's identity as the driver was coincidental and weak. [CN 6] We disagree. Defendant also seems to respond that part of the prejudice he suffered from counsel's failure to challenge the witness's identification of Defendant is the failure to create a record to demonstrate how flawed the identification was. [MIO 6-7] Our assessment of ineffective assistance claims, however, must rely on the facts in the record. *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. Where the facts in the record are inadequate for our assessment of counsel's failure and its impact on the case, "an ineffective assistance claim is more properly brought through a habeas corpus petition[.]" *Id.* Because the record before us does not support a prima facie case of ineffective assistance, we refer Defendant to habeas proceedings to pursue this claim.

{8}     For the reasons in our notice and in this opinion, we affirm the district court's judgment and sentence.

{9}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**