This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38922

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**RICKY B. DEVARA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Carrie Cochran, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** The State appeals from a district court order granting Defendant's motion for judgment notwithstanding the jury's guilty verdict and dismissing a driving while intoxicated charge. [RP 256, 263] We issued a calendar notice proposing to reverse. Defendant has responded with a memorandum in opposition. We reverse.

**{2}** "A district court does not have the authority to override a jury's verdict and enter a verdict different than that handed down by the jury." *State v. Torrez*, 2013-NMSC-034, ¶ 10, 305 P.3d 944; *see* Rule 5-701(A) NMRA ("If the defendant is found guilty, a

judgment of guilty shall be rendered. If the defendant has been acquitted, a judgment of not guilty shall be rendered.").

**{3}** We are bound by *Torrez. See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 20, 135 N.M. 375, 89 P.3d 47 (stating that the Court of Appeals is bound by Supreme Court precedent). We are also bound by Rule 5-701(A). *See State v. Cordova*, 1999-NMCA-144, ¶ 30, 128 N.M. 390, 993 P.2d 104 ("It is well-established that this Court is without authority to reverse or revise court rules that have been previously interpreted by our Supreme Court."). Finally, we also note that this Court has more recently again recognized that a district court has no authority to direct a verdict based on lack of sufficient evidence after a guilty verdict has been rendered. *See State v. Willyard*, 2019-NMCA-058, ¶¶ 14-20, 450 P.3d 445 (reversing the district court's previous order that set aside a guilty verdict and instructing the district court to enter judgment in accordance with the jury's verdict.). Like this Court, district courts too are bound by applicable appellate precedent and rules of criminal procedure.

**{4}** Defendant requests that we address the sufficiency of the evidence on the merits. [MIO 9] We decline to do so at this point. A Defendant's remedy under these circumstances is to challenge the sufficiency of the evidence on direct appeal from that verdict. *Id.* ¶ 20; *see* N.M. Const. art. VI, § 2 ("[A]n aggrieved party shall have an absolute right to one appeal."); *State v. Dorais*, 2016-NMCA-049, ¶¶ 7-11, 370 P.3d 771 (holding that even with inaction, criminal defendants maintain the absolute right to appeal the judgment and sentence, in the absence of a valid waiver).

**{5}** For the reasons stated above, we reverse.

**{6}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**