This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38707

STATE OF NEW MEXICO,

      Plaintiff-Appellant,

v.

TRES GRISSOM,

      Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY
Donna J. Mowrer, District Judge

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellant

Lindsey Law Firm, L.L.C.
Daniel R. Lindsey
Clovis, NM

for Appellee

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** The State appeals the district court's order denying the State's motion to reconsider the district court's dismissal of the charges against Defendant Tres Grissom based on a violation of his right to a speedy trial. The State's central argument is that the district court erred in granting Defendant's motion to dismiss on speedy trial grounds, and, more specifically, that Defendant failed to present evidence in support of his assertions regarding prejudice, and the district court, therefore, erred in finding

Defendant was prejudiced by the delay in proceedings. For the reasons that follow, we reverse and remand.

**DISCUSSION**

**{2}**     After initially filing the case in magistrate court, the State filed a criminal information in district court charging Defendant with one count each of (1) aggravated driving while under the influence of intoxicating liquor or drugs (refused testing), contrary to NMSA 1978, Section 66-8-102(D)(3) (2016); (2) negligent use of a deadly weapon (intoxication), contrary to NMSA 1978, Section 30-7-4(A)(2) (1993); (3) no insurance, contrary to NMSA 1978, Section 66-5-205 (2013); and (4) failure to display sticker of gross weight, contrary to NMSA 1978, Section 66-3-3 (1995). On August 19, 2019, the day of Defendant's trial, Defendant filed a motion in limine in which he, in pertinent part, requested that the district court dismiss the charges against him due to violations of his right to a speedy trial. In its order of dismissal with prejudice, the district court made the following findings: (1) this was a simple case and 405 days had passed since Defendant was initially arraigned in magistrate court; (2) the delay was due to the unavailability of a State's witness; (3) Defendant asserted his right to a speedy trial multiple times; and, (4) Defendant demonstrated "extreme prejudice" because he lost his job as well as his military security clearance during the pendency of his proceedings.

**{3}**     In analyzing "whether a defendant's speedy trial right was violated, [New Mexico] has adopted the United States Supreme Court's balancing test in *Barker v. Wingo*, 407 U.S. 514 . . . (1972)." *State v. Smith*, 2016-NMSC-007, ¶ 58, 367 P.3d 420. "Under the *Barker* framework, courts weigh the conduct of both the prosecution and the defendant under the guidance of four factors: (1) the length of delay; (2) the reasons for the delay; (3) the timeliness and manner in which the defendant asserted his speedy trial right; and (4) the particular prejudice that defendant actually suffered." *Id.* (internal quotation marks and citation omitted). Our courts emphasize that, "the heart of the right to a speedy trial is preventing prejudice to the accused." *State v. Serros*, 2016-NMSC-008, ¶ 4, 366 P.3d 1121 (alteration, internal quotation marks, and citation omitted). When "reviewing a district court's ruling[s] on a speedy trial violation claim, we defer to the court's findings of fact, and we weigh and balance the *Barker* factors de novo." *Id.* ¶ 20. In a speedy trial analysis, if any one of the first three *Barker* factors—length of delay, reasons for delay, and assertion of the right—does not weigh heavily in favor of a defendant, the defendant must show particularized prejudice in order to prove their speedy trial rights were violated. *State v. Garza*, 2009-NMSC-038, ¶¶ 39-40, 146 N.M. 499, 212 P.3d 387; *see State v. Prieto-Lozoya*, 2021-NMCA-019, ¶ 46, 488 P.3d 715 ("Ordinarily, a defendant bears the burden of proof on this factor by showing particularized prejudice when claiming a speedy trial violation." (internal quotation marks and citation omitted)); *see also State v. Dorais*, 2016-NMCA-049, ¶ 22, 370 P.3d 771 (stating that a defendant's failure to show particularized prejudice may preclude review of the *Barker* factors).

**{4}**     Here, following our review of the briefs and record, we conclude that the first three factors weigh, at most, only moderately in Defendant's favor. The district court

found this to be a simple case, and neither party challenges such finding on appeal. As to the first factor, the total length of delay as determined by the district court was 405 days from Defendant's arraignment in magistrate court—forty days past the one-year "guideline for determining when the length of delay for a simple case may be considered presumptively prejudicial." *See Garza*, 2009-NMSC-038, ¶ 47. We therefore conclude, as did the district court, that the length of delay is presumptively prejudicial and weighs slightly in Defendant's favor. *See id.* ¶¶ 23-24 (explaining that (1) where "a court determines that the length of delay is presumptively prejudicial, then it should consider the length of delay as one of four factors in the analysis, none of which alone are sufficient to find a violation of the right"; (2) "the greater the delay the more heavily it will potentially weigh against the State"; and (3) where a delay "scarcely crosses the bare minimum needed to trigger judicial examination of the claim," such as a delay of only one month and six days past the trigger date in a simple case, such delay will not weigh heavily against the State (internal quotation marks and citations omitted)); *see also Serros*, 2016-NMSC-008, ¶ 26 ("A delay that crosses the threshold for presumptive prejudice necessarily weighs in favor of the accused; the only question is, how heavily?").

**{5}**     As to the second *Barker* factor regarding the reasons for the delay, the district court found that the delay was due to the unavailability of a State's witness. This factor weighs against the State, though not heavily, based on multiple rescheduled hearings—at least twice because the State's witness could not participate. *See State v. Spearman*, 2012-NMSC-023, ¶ 25, 283 P.3d 272 (stating that a missing witness presents a valid reason for delay); *Garza*, 2009-NMSC-038, ¶ 26 (weighing administrative delay less heavily). Regarding the third factor, Defendant's assertion of his right to a speedy trial, the record reflects that Defendant asserted his right three times: twice in pro forma demands and once in his motion in limine in which he requested dismissal for violation of his speedy trial rights. We conclude that this factor weighs in Defendant's favor, though only slightly. *See Spearman*, 2012-NMSC-023, ¶ 33 (explaining that a defendant's assertion of the right to a speedy trial need not be "impressive or aggressive" in order to be sufficient); *see also State v. Moreno*, 2010-NMCA-044, ¶ 35, 148 N.M. 253, 233 P.3d 782 (stating that a defendant's assertion of speedy trial rights made in pro forma demands weighs only slightly in the defendant's favor).

**{6}**     Because none of the first three *Barker* factors weigh heavily in Defendant's favor, the issue of prejudice is central to our analysis. *Garza*, 2009-NMSC-038, ¶¶ 39-40. While the district court found Defendant to have demonstrated "extreme prejudice" due to losing his job and military clearance, such findings were not based on evidence or testimonial statements by Defendant. Rather, defense counsel—along with Defendant, who was prompted by counsel to explain his asserted prejudice—merely stated as much during the pretrial hearing on Defendant's motion to dismiss, and we cannot consider such unsworn assertions to be evidence. *See Spearman*, 2012-NMSC-023, ¶ 39 ("Allegations of counsel are not generally considered evidence."). On this issue, we are guided by our Supreme Court's reasoning in *Spearman*, in which the Court considered whether loss of employment can constitute particular prejudice in speedy trial claims. *Id.* ¶ 38.

**{7}** In *Spearman*, the Court held that while loss of employment can, in some circumstances, be considered "a consequence of delay that a reviewing court cannot ignore," we must be able to review, based on the record before us, whether the asserted prejudice resulted from the delay in proceedings. *Id.* There, where the asserted prejudice was likewise merely argued by counsel, the Court held that actual evidence—be it affidavits, testimony, or documentation—is required to support the allegations of lost employment and the prejudicial impacts thereof, reasoning that "[s]uch evidence could have established that the delay in trial beyond the presumptive period caused the alleged prejudice as opposed to the original indictment." *Id.* ¶ 39. The *Spearman* Court clarified that an evidentiary hearing addressing the speedy trial issue would be necessary in order to allow the defendant the opportunity to submit such evidence, and reversed and remanded on such basis. *Id.* ¶¶ 39-40. Here, too, without any actual evidence to support Defendant's assertions of lost employment and military clearance, we are unable to review whether such assertions resulted from the delay in proceedings or the charges against Defendant. Accordingly, as in *Spearman*, we emphasize that on remand the district court should conduct an evidentiary hearing on the speedy trial issue so that Defendant may have the opportunity to submit evidence supporting his assertions of prejudice, and the State may have the opportunity to meaningfully prepare and respond.

**CONCLUSION**

**{8}** For the above reasons, we reverse and remand for proceedings consistent with this opinion.

**{9}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**KATHERINE A. WRAY, Judge**